UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>DONTIA GRANT | Case No. 3:24-CR-68-CCB-SJF |

## **OPINION AND ORDER**

Defendant Dontia Grant was indicted on the single charge of being a felon unlawfully in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). (ECF 1). Mr. Grant has moved to dismiss the indictment on the grounds that 18 U.S.C. § 922(g)(1) violates the Second Amendment, both facially and as applied to him. (ECF 20). The Government timely filed a response to the motion. (ECF 24). Mr. Grant has not filed a reply brief, making the motion ripe for ruling.

### BACKGROUND

In October 2024, the Government filed a single count indictment against Mr. Grant for violating 18 U.S.C. § 922(g)(1) by knowingly possessing a firearm on or about September 20, 2024, as an individual who had previously been convicted of a crime punishable by imprisonment for a term exceeding one year. (ECF 1). According to the Pretrial Services Report filed with the Court for the defendant's bail determination, and confirmed upon review of the publicly available state court dockets, Mr. Grant has been convicted of a series of felonies in Indiana state court. (ECF 18). In 2018, Mr. Grant was convicted of Unlawful Transfer of a Handgun under Ind. Code § 35-47-4-2-7 (2024), for

knowingly or intentionally transferring a handgun to a person under 18 years of age. (*Id.* at 6). In 2021, he was convicted for Felony Possession of Marijuana under Ind. Code § 35-48-4-11(a)(1). (*Id.* at 7). And in 2022, he was convicted for Resisting Law Enforcement using a Vehicle under Ind. Code § 35-44.1-3-1(a)(1).¹ (*Id.*).

## DISCUSSION

Mr. Grant challenges § 922(g)(1) both facially and as applied to him. A facial challenge is "the most difficult challenge to mount successfully," because it alleges that a statute is unconstitutional in all of its applications. *United States v. Salerno*, 481 U.S. 739, 745 (1987). If Mr. Grant cannot show that the statute is unconstitutional at least as applied to him, then it cannot be facially unconstitutional. *See United States v. Rahimi*, 602 U.S. 680, 693; *Salerno*, 481 U.S. at 745; *Hegwood v. City of Eau Claire*, 676 F.3d 600, 603 (7th Cir. 2012); *United States v. Regalado*, 709 F. Supp. 3d 619 (N.D. Ind. 2023). Thus, it makes sense to begin by evaluating if the statute is constitutional as applied to Mr. Grant himself. If it is, then the facial challenge necessarily fails.

*New York State Pistol and Rifle Association v. Bruen*, 596 U.S. 1 (2022), clarified that courts should use a "history and tradition" approach in understanding the scope of the Second Amendment, evaluating a law's constitutionality by looking to the principles underlying analogous historical regulations of the right. *Id.* at 1, 2, 22, 24. Two years later, the Court provided additional guidance for the *Bruen* analysis, noting that when

---

¹ Mr. Grant has also been convicted of several misdemeanors, including Battery, Carrying a Handgun without a License, and Dealing in Marijuana. (ECF 18). But these crimes do not fall under the scope of § 922(g)(1), which requires a crime to be punishable by more than one year. 18 U.S.C. § 922(g)(1).

2

evaluating the historical record, courts need not find a "dead ringer" or "historical twin" but only that the statute be "analogous enough to pass constitutional muster" by "comport[ing] with the principles underlying the Second Amendment." *Rahimi*, 602 U.S. at 692.

There have been two primary approaches to how courts have treated § 922(g)(1) after performing a *Bruen* analysis of the history. On one hand, some courts have held that § 922(g)(1) is constitutional as applied to all felony convictions, thereby categorically rejecting as-applied challenges. *See, e.g.*, *United States v. Jackson*, 110 F.4th 1120, 1125 (8th Cir. 2024) ("we conclude that there is no need for felony-by-felony litigation regarding the constitutionality of § 922(g)(1)"); *Vincent v. Bondi*, 127 F.4th 1263, 1266 (10th Cir. 2025) (we [uphold] the constitutionality of § 922(g)(1) without drawing constitutional distinctions based on the type of felony involved."); *Regalado*, 709 F. Supp. 3d at 631 (noting that "at times, convicted felons have argued for partitioning [§ 922(g)(1)]" to only apply to violent felons, but suggesting that this approach might render the statute unconstitutionally vague).

On the other hand, other courts have found that a proper reading of the history does not support a categorical rule but a more fine-tuned analysis into whether the specific predicate felony involved in a § 922(g)(1) prosecution could indicate dangerousness, the historical grounding principle for most firearms regulation. *See United States v. Williams*, 113 F.4th 637, 663 (6th Cir. 2024) (holding that "§ 922(g)(1) is constitutional on its face and as applied to dangerous people" and "district courts

3

should make fact-specific dangerousness determinations after taking account of the unique circumstances of the individual, including details of his specific conviction."); *Range v. Attorney Gen.*, 124 F.4th 218, 230 (3d Cir. 2024) (stating that "we refuse to defer blindly to § 922(g)(1) in its present form" and rejecting the Government's attempt to "stretch dangerousness to cover all felonies"); *Kanter v. Barr*, 919 F.3d 437, 461 (7th Cir. 2019) (Barrett, J., dissenting) ("history confirms that the basis for the permanent and pervasive loss of all rights cannot be tied generally to one's status as a convicted felon or to the uniform severity of punishment that befell that class"). Recent scholarship on the Second Amendment has also expressed this view. *See* William Baude & Robert Leider, *The General-Law Right to Bear Arms*, 99 Notre Dame L. Rev. 1467, 1511 (2024) ("[S]omething like the dangerousness principle would give the Court a tractable way to adjudicate the lawful scope of [§ 922(g)(1)]. If the dangerousness principle is the lodestar, a complete lifetime ban on possession of a firearm by any felon is plainly too broad."). Both the Supreme Court and the Seventh Circuit have so far abstained from resolving which of these approaches is correct. *See United States v. Gay*, 98 F.4th 843, 846 (7th Cir. 2024) (noting without resolving the issue that "[t]he Justices have yet to consider the question whether non-violent offenders may wage as-applied challenges to § 922(g)(1)").

But this Court need not stake a position in that debate. Even using a more granular analysis that looks into the nature of predicate felonies, § 922(g)(1) is constitutional as applied to Mr. Grant. Courts that have described the contours of the

4

"dangerousness" principle have indicated that it does not merely include crimes involving direct aggression towards others, but crimes that indicate recklessness and lack of care for other's safety. *See United State v. Brazier*, No. 3:22-CR-87 JD, 2025 WL 1411081, at *10 ("The relevant question then is whether the prior felony is the kind that ordinarily indicates that the person cannot be trusted to use a gun responsibly, not whether everyone who commits the crime is necessarily dangerous or violent."). Even courts of appeals that explicitly allow as-applied challenges to § 922(g)(1) agree with this public safety principle, describing how crimes that are "not strictly crimes against the person" but "nonetheless pose a significant threat of danger" may be considered dangerous under a granular analysis of § 922(g)(1)'s constitutionality. *Williams*, 113 F.4th 637 at 659 (6th Cir. 2024); *see also United States v. Walters*, No. 22-1812, 2025 WL 2536696, at * 7–9 (3d Cir. 2025); *United States v. Holden*, 70 F.4th 1015, 1017 (7th Cir. 2023) ("Governments may keep firearms out of the hands of dangerous people who are apt to misuse them" (citing *Bruen*, 142 S. Ct. at 2131)); *Regalado*, 709 F. Supp. 3d at 632 ("The government has convincingly shown a historical tradition of disarming individuals perceived as dangerous to the polity.").

    Mr. Grant's crimes are indicative of dangerous behavior. In addition to a series of misdemeanors that are not predicate crimes under § 922(g)(1), such as Dealing in Marijuana, Battery, and Carrying a Handgun without a License, Mr. Grant has also been convicted of the predicate crimes of Felony Resisting Law Enforcement and Felony Possession of Marijuana. (ECF 18 at 4–9). The difference between the felony and

5

misdemeanor version of these crimes is important for how they fit within a "dangerousness" analysis. In Indiana, the distinction between misdemeanor possession and felony possession is the difference between whether someone had less than 30 grams of marijuana, or between 30 grams and 10 pounds. Ind. Code § 35-44.1-3-1 (2024). Likewise, the distinction between the misdemeanor and felony form of resisting arrest is whether the crime involved (1) a vehicle or (2) a firearm. Ind. Code § 35-48-4-11 (2024). The felony versions of these crimes are tailored to filter out mere possession of marijuana or evasion of the police from forms of those activities that are far likelier to pose a threat to society. For example, larger quantities of drugs are more likely to be adjacent to drug trafficking operations, which, in turn, threaten communities with violence and addiction. Similarly, individuals who choose to use vehicles or guns when escaping law enforcement are more likely to harm others, exhibiting a high degree of recklessness. This disregard for the safety of others and the community is further exhibited by Mr. Grant's 2018 felony conviction for transferring a handgun to a minor. (ECF 18).

      Thus, no matter which application of the Second Amendment's requirements is used, § 922(g)(1) is constitutional as applied to Mr. Grant. Under a categorical approach, Mr. Grant's felonies render his disarmament constitutional without further inquiry. And under a more granular analysis, the dangerous nature of Mr. Grant's specific crimes renders § 922(g)(1) equally constitutional. Mr. Grant's as-applied challenge fails, along with his facial challenge.

## CONCLUSION

For the reasons discussed above, Mr. Grant's Motion to Dismiss is DENIED. (ECF 31).

SO ORDERED on October 3, 2025.

                                               /s/*Cristal C. Brisco*
                                             CRISTAL C. BRISCO, JUDGE
                                             UNITED STATES DISTRICT COURT